IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALEJANDRO FLORES REYES,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, ET AL.,<br><br>Defendants. | CV 25-43-M-DWM<br><br>ORDER |

Plaintiff Alejandro Flores Reyes filed a Complaint alleging violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Doc. 2.) The Complaint failed to state a claim. Flores Reyes was allowed to amend. His Amended Complaint will be dismissed.

## I. SCREENING STANDARD

Flores Reyes is a prisoner proceeding in forma pauperis, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Section 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## II. ANALYSIS

Flores Reyes has not amended his prior Complaint to add additional details

1

in order to state a claim under the framework provided in the original screening order. (Doc. 8.) Instead, he has filed an entirely new complaint, alleging new, unsupported claims against different defendants, as well as supplying several random documents from his lawyer, various court proceedings, officer incident reports, etc., that are entirely irrelevant to the claims he asserts in his original Complaint. The Amended Complaint also fails to state a claim, but that is not the reason it will be dismissed.

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607.

Here, Flores Reyes appears to be throwing facts at the wall, naming defendants and various labels for claims, hoping something will stick. He has not mentioned anything related to his claims in his first Complaint, and he has failed to amend that Complaint in order to state a plausible claim. Accordingly, his case will be dismissed for failure to state a claim and failure to amend.

### III. CONCLUSION

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted. For the reasons expressed in the prior Order, Flores Reyes' Complaint is dismissed for failure to state a claim. (Doc. 8.)

Accordingly, it is HEREBY ORDERED:

1. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court shall have the docket reflect that the appeal of this matter would not be taken in good faith. The filing of this Complaint merits a strike against Flores Reyes within the meaning of 28 U.S.C. § 1915.

DATED this 30th day of July, 2025.

_____
Donald W. Molloy, District Judge
United States District Court